**E-FILED**
Friday, 19 August, 2005  11:52:18 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AMY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3163 |
| | ) | |
| JBC LEGAL GROUP, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Amy Ward's Motions for attorney fees and costs (d/e 9 & 19).  For the reasons set forth below, the Motions are allowed in part.

On July 27, 2004, Ward filed a two-count complaint against the Defendant JBC Legal Group, P.C. (JBC).  Count I alleged a violation of the Fair Debt Collection Practices Act (FDCPA).  15 U.S.C. § 1692 et seq. Count II alleged a supplemental state-law claim for violation of the Illinois Collection Agency Act.  225 ILCS 425/1 et seq.  On November 15, 2004, JBC filed its Answer.  The Rule 16 Scheduling Conference occurred on December 16, 2004.  Minute Entry entered December 16, 2004.  On

February 14, 2005, JBC mailed an Offer of Judgment to Ward's counsel. <u>Motion for Entry of Judgment Pursuant to Rule 68 (d/e 8)</u>, Exhibit 1, <u>Offer of Judgment</u>; <u>see</u> <u>Fed. R. Civ. P.</u> 68.  JBC offered to pay statutory damages in the sum of $1001.00 and reasonable attorney fees to be determined by the Court.[1]  Ward accepted the Offer of Settlement, filed a Motion for Judgment, and a Motion for Attorney Fees.  Ward requested $10,742.50 in fees and $370.35 in costs.

JBC initially failed to respond to the original request for fees, and in accordance with the Local Rules, the Court presumed that JBC had no opposition to the Motion and, so, allowed the Motion.  <u>Text Order entered May 5, 2005</u>; <u>Local Rule</u> 7.1(B)(2).  JBC then filed a Motion to Alter or Amend Judgment.  <u>Fed. R. Civ. P.</u> 59(e).  JBC's counsel explained that, although the original Motion for Attorney Fees had been served on JBC's attorney of record, the attorney actually handling the matter within the law firm representing JBC was unaware of the Motion.  Ward opposed the Rule 59(e) Motion, arguing that this type of mix-up within a law firm was not grounds to alter the judgment.  The Court, in its discretion, allowed the

---

[1]The FDCPA authorizes recovery of actual damages, plus additional statutory damages of up to $1,000.00.  15 U.S.C. § 1692k(a).

Rule 59(e) Motion and reopened this matter to allow JBC to respond to the request for fees. Ward now seeks the fees and costs requested in the original petition, plus additional fees of $4,160.50 and additional costs of $61.70 incurred after JBC filed the Rule 59(e) Motion. Ward has submitted her counsel's billings and supporting documents for costs to support the Motions. JBC opposes both Motions.

A.    ATTORNEY FEES

The FDCPA authorizes Ward to recover reasonable attorney fees as the prevailing party. 15 U.S.C. § 1692k(a)(3). Ward has the burden of proving the reasonableness of the fees incurred. The Court must independently scrutinize the request to determine the reasonableness of the request. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Spellan v. Board of Education for Dist. 111, 59 F.3d 642, 646 (7th Cir. 1995).

The Court has reviewed the fees, and has determined that the fees sought for work performed after receiving the Offer of Judgment on February 17, 2005, are excessive. Ward seeks to recover fees for 6 hours of paralegal time and 28.6 hours of attorney time after receipt of the Offer of Judgment. The paralegal spent 4 hours researching and preparing a memorandum on Rule 68, and 2 hours reviewing cases on settlement offers.

This amount of paralegal time is reasonable and is allowed.[2]

Ward's attorney time entries, however, show 23.2 hours spent exclusively on researching the Motion for Judgment and Fees and preparing the motions and supporting documents. The remaining entries also list 3.9 hours of attorney time spent on various tasks that included even more time spent researching and drafting these documents, as well as time spent communicating with Ward and working on a possible settlement of the fee issue. The remaining 1.5 hours were spent exclusively on pursuing settlement of the fee issue.

Expending over 23.2 hours of attorney time to research and prepare documents to secure an agreed $1,001.00 judgment is excessive and unreasonable. The Court allows 4 hours of attorney time for these tasks. The Court disallows the remaining 19.2 hours of attorney time. Ward's attorney's rate is $185.00 per hour. The Court therefore disallows $3,552.00 of the requested fees in the original Motion. The remaining $7,190.50 in fees sought in the original Motion is allowed.

---

[2]JBC also complains about 3.5 hours of paralegal time spent working on responses to JBC's discovery requests on February 15, 2005. It was reasonable for Plaintiff's attorney to direct his paralegal to work on the discovery request at this time. This was a day after JBC sent the Offer of Judgment, but before Ward's counsel received the Offer on February 17, 2005. JBC should have waited to propound the discovery request until after it submitted the Offer of Judgment if it wanted to avoid incurring these fees.

Ward also requests $4,160.50 in fees incurred after JBC filed its Rule 59(e) Motion. The fees request shows 23.3 hours of attorney time and no paralegal time. Ward's attorney spent his time: (1) researching and responding to the Rule 59(e) Motion; (2) filing a reply to the opposition to the original fee petition, and (3) filing a supplemental fee petition. JBC argues that all of these tasks were unnecessary. The Court disagrees. At the time that JBC filed its Rule 59(e) Motion, Ward had a judgment and her attorney reasonably opposed JBC's effort to vacate that judgment. Further, Ward's attorney reasonably replied to JBC's opposition to the original Motion for fees, and reasonably sought additional fees for the costs incurred after JBC filed its Rule 59(e) Motion. The Court, however, determines that 8 hours is an appropriate amount of time to perform these tasks. The Court disallows the remaining 15.3 hours. The Court therefore allows fees of $8,670.50, consisting of $7,190.50 of the fees requested in the original petition for fees and $1,480.00 in fees sought in the supplemental petition.

B.    COSTS

Ward is entitled to recover from JBC the reasonable and necessary costs for:

1.    Fees of the clerk and marshal;

2.      Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3.      Fees and disbursements for printing and witnesses;

4.      Fees for exemplification and copies of papers necessarily obtained for use in the case;

5.      Docket fees under section 1923 of this Title; and

6.      Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

28 U.S.C. § 1920.  See Fed. R. Civ. P. 54(d).  This Court must, in its discretion, determine the appropriate amount of costs to be taxed.  Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

Ward's initial Motion asks for costs in the sum of $370.35, consisting of $150.00 in filing fees, $40.00 in service fees, and $180.35 in electronic research charges.  The Court is not authorized to tax electronic research charges.  28 U.S.C. § 1920.  Those costs are disallowed.  Ward's supplemental Motion asks for an additional $61.70 in electronic research charges.  Those costs are also disallowed.  Ward is therefore allowed costs of $190.00.

THEREFORE, Plaintiff's Motion for Attorney Fees and Costs (d/e 9)

and Plaintiff's Supplemental Motion for Attorney Fees and Costs (d/e 19) are ALLOWED in part. The Court awards attorney fees of $8,670.50 and costs of $190.00. The Clerk is directed to file an amended judgment in favor of Plaintiff Amy Ward and against Defendant JBC Legal Group, P.C., in the sum of $9,861.50, consisting of $1,001.00 in damages, $8,670.50 in attorney fees and $190.00 in costs.

IT IS THEREFORE SO ORDERED.

ENTER:   August 18, 2005.

　　　　FOR THE COURT:

　　　　　　　　　　s/  Jeanne E. Scott
　　　　　　　　　　JEANNE E. SCOTT
　　　　　　　　　　UNITED STATES DISTRICT JUDGE